UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN MARTINEZ, | No. 2:17-cv-1880 AC P |
| Petitioner, | |
| v. | ORDER |
| W.C. MUNIZ, | |
| Respondent. | |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has filed a petition (ECF No. 1) which, for the reasons identified below, does not appear to state a cognizable federal claim. It also appears to be untimely. Petitioner will be afforded an opportunity to show cause as to why this petition should not be recommended for dismissal with prejudice on either of those grounds.

I. <u>Legal Standards</u>

The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). The court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

////

## II. Background

On June 27, 2000, petitioner was convicted in the Lassen County Superior Court of battery of a non-prisoner in violation of Cal. Penal Code §4501.5. ECF No. 1 at 1. He was also convicted of resisting an executive officer in violation of Cal. Penal Code §69. Id. Petitioner was sentenced as a "three-striker" and given an indeterminate sentence of twenty-five years to life. Id. Petitioner represents that his direct appeal was denied by the California Court of Appeal on an unspecified date in either 2000 or 2001. Id. at 2. It is unclear whether he filed a petition for review with the California Supreme Court.

More than a decade later, in July 2016, petitioner filed a habeas petition with the Lassen County Superior Court in which he argued that: (1) the trial court illegally assessed two strikes based on a single prior conviction; (2) he was assessed a third strike for an offense that was neither serious nor violent in contravention of California Proposition 36 (passed after petitioner's conviction in 2012); and (3) after respondent failed to respond to his habeas petition, he argued that he was entitled to relief based on that default. Id. at 3. The superior court denied the petition on October 4, 2016 in a reasoned decision. Id. at 48-50. Subsequent petitions based on those same grounds were summarily denied on November 23, 2016 by the California Court of Appeal (id. at 52) and on January 25, 2017 by the California Supreme Court (id. at 54).

Petitioner now raises the same claims before this court.

## III. Analysis

### A. Timeliness

It is apparent from the face of the petition that it is untimely. A federal habeas petition must be filed within one year of: (1) the date the state court judgment became final, either by conclusion of direct review or the expiration of time to seek such review; (2) the date on which an impediment to filing created by state action is removed (if the applicant was prevented from filing by that action); (3) the date on which a constitutional right is newly recognized by the U.S. Supreme Court and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been recognized through the exercise of due diligence. See 28 U.S.C. § 2244(d). Here, petitioner acknowledges that his underlying conviction occurred more

than seventeen years before this petition was filed. ECF No. 1 at 1. In the timeliness section of his petition he states that this court should consider his petition because: (1) he is appealing an illegal sentence; and (2) recent changes in California sentencing law. Id. at 15.

Neither of the grounds advanced by petitioner renders his petition timely. First, the alleged illegality of his sentence does not except him from the timeliness requirements. All habeas petitioners allege that their convictions, sentences, or both are in some way illegal. This court would have no grounds to consider their claims otherwise. The one year time limit described above would be meaningless if any petitioner could ignore it based on the allegation that his conviction was unlawful.

Second, changes in California law do not toll the limitations period. As noted above, a later accrual date may be found where the United States Supreme Court recognizes a new and retroactive federal constitutional right. See 28 U.S.C. § 2244(d)(1)(C). There is no similar exception for changes in state law. See also Shannon v. Newland, 410 F.3d 1083, 1088-89 (9th Cir. 2005) (rejecting proposition that change in state law qualifies as "factual" predicate for claim raised in federal habeas petition).

## B. Failure to State a Cognizable Federal Claim

Even if the petition could be construed as timely, the court concludes that none of petitioner's claims are cognizable on federal habeas review. Two of his claims expressly challenge the state court's adjudication of California's three strikes law and its subsequent modifications. The United States Supreme Court has repeatedly emphasized that federal habeas relief is not available for errors in state courts' adjudication of state law matters. See Swarthout v. Cooke, 562 U.S. 216 (2011) (per curiam) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law."); see also Estelle v. McGuire, 502 U.S. 62, 67 (1991). In Miller v. Vasquez, the Ninth Circuit held that, whether a prior conviction qualifies for a sentence enhancement under California law is not a cognizable federal habeas claim. 868 F.2d 1116, 1118-19 (9th Cir. 1989). A state sentencing error may violate due process if a petitioner can demonstrate that the state law error was "so arbitrary or capricious" so as to constitute an independent federal due process or Eighth Amendment violation. Richmond v. Lewis, 506 U.S.

40, 50 (1992). Nothing in the pleadings indicates that the state courts acted arbitrarily or capriciously in adjudicating petitioner's sentencing claims, however.

Petitioner's third claim is also non-cognizable. He argues that the superior court's decision to deny him habeas relief after respondent failed to address his petition violated his federal due process rights. ECF No. 1 at 10. The federal guarantee of due process does not automatically entitle a litigant to default judgment when a responding party fails to answer his claims. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) ("The district court's decision whether to enter a default judgment is a discretionary one."). The court notes that petitioner cites Cal Rules of Court, Rule 4.551 and Cal. Penal Code §§ 1480-1485.5 as the basis for his claim to relief. ECF No. 1 at 10. Even assuming that the superior court failed to comply with these state law provisions in adjudicating petitioner's state habeas petition, a federal habeas court may not review claims of state law error. See Estelle, 502 U.S. at 67; see also Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (holding that a petitioner "may not, however, transform a state-law issue into a federal one merely by asserting a violation of due process.").

IV. Conclusion

Rather than recommending immediate dismissal, the court will afford petitioner an opportunity to show cause as to why his petition states a cognizable federal claim and is timely.

It is HEREBY ORDERED that petitioner has thirty days from the date of this order's entry to show cause, in writing, why his petition should not be dismissed based on the grounds identified in this order.

DATED: September 12, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4